**ENTRY ORDER**
2022 VT 7
SUPREME COURT DOCKET NO. 22-AP-015
FEBRUARY TERM, 2022

| | |
|---|---|
| In re Shawn T. Tao, Esq. | } Original Jurisdiction |
| (Office of Disciplinary Counsel) | } |
| | } Professional Responsibility Board |
| | } |
| | } PRB FILE NOS. 2021-134, 2022-070 |

In the above-entitled cause, the Clerk will enter:

¶ 1. Respondent Shawn T. Tao is a lawyer licensed to practice law in the State of Vermont. On January 21, 2022, Disciplinary Counsel filed a petition seeking the immediate interim suspension of respondent's license. Respondent was given the opportunity to respond to the petition in writing and to appear at a hearing held by the Supreme Court on February 8, 2022. Respondent did not file a written response or appear at the hearing. Having reviewed the materials submitted by Disciplinary Counsel, we conclude that the requirements of Administrative Order 9, Rule 22 are satisfied. We immediately suspend respondent's license to practice law pending final disposition of a disciplinary or disability proceeding in accordance with Administrative Order 9, Rule 22. Respondent is directed to comply with the notice requirements of Administrative Order 9, Rule 27.

¶ 2. As set forth in the petition for interim suspension, the Professional Responsibility Program has received three complaints against respondent in the past six months, which involve three separate client matters. Respondent initially cooperated with Disciplinary Counsel's investigation, but he abruptly ceased cooperating and he did not return numerous phone calls, emails, or requests to coordinate a compliance exam for his client trust (IOLTA) account. Disciplinary Counsel sought information from respondent about, among other things, timekeeping and billing records for a particular complainant and records of funds received from that complainant. Respondent responded to Disciplinary Counsel that his bank had informed him that his IOLTA account was closed. In response to this information, Disciplinary Counsel arranged with a certified public accounting (CPA) firm to perform a compliance exam for respondent's account. She informed respondent that he would be contacted by a CPA to schedule the exam. The CPA contacted respondent several times but received no response. Disciplinary Counsel later learned that the IOLTA account had been closed since January 2021. Respondent did not indicate that he had any other open and available IOLTA accounts to hold and accept client funds.

¶ 3. Disciplinary Counsel has received no direct communication from respondent since December 3, 2021. She does not know how many active clients respondent has. On January 10, 2022, Disciplinary Counsel notified respondent by email and by U.S. mail that she would be

moving forward with a petition for immediate interim suspension and that he should contact her as soon as possible. Respondent did not reply.

¶ 4. Disciplinary Counsel argues that a suspension is warranted because respondent has "committed a violation of the rules of professional responsibility as adopted by the Court" and he "presently poses a substantial threat of serious harm to the public." A.O. 9, Rule 22(A). We agree.

¶ 5. Vermont Rule of Professional Conduct 8.1(b) prohibits a lawyer "in connection with a disciplinary matter" from "knowingly fail[ing] to respond to a lawful demand for information from . . . disciplinary authority." Administrative Order 9, Rule 11(D), also provides that "[d]iscipline may be imposed for . . . [f]ailure to furnish information to or respond to a request from disciplinary counsel . . . without reasonable grounds for refusing to do so." The evidence here supports Disciplinary Counsel's assertion that respondent knowingly failed to respond to a lawful demand for information.

¶ 6. The record also supports Disciplinary Counsel's assertion that respondent's behavior presents a substantial threat of harm to the public. Due to respondent's failure to communicate, Disciplinary Counsel cannot ascertain the nature of respondent's practice or determine if respondent has active clients; she cannot determine if a disability investigation should be opened; and she cannot assess how to protect the public. Respondent's behavior has significantly impaired Disciplinary Counsel's ability to fulfill her obligation to protect the public and it warrants the immediate interim suspension of respondent's license to practice law. See In re Legus, 2020 VT 40, ¶ 5, 212 Vt. 653, 235 A.3d 217 (mem.) (reaching similar conclusion); see also In re Liviz, 144 N.E.3d 284, 285-86 (Mass. 2020) (affirming respondent's suspension from practice of law based on failure to respond to requests for information by bar counsel during disciplinary investigation and explaining that respondent was suspended, not for conduct under investigation, but rather for failing to cooperate, which itself constituted misconduct under the rules).

¶ 7. Pursuant to Administrative Order 9, Rules 22(B) and 28, we appoint William "Trey" Martin, Esq., as trustee to "inventory the files of the respondent, and . . . take action as seems indicated to protect the interests of the respondent and respondent's clients." A.O. 9, Rule 28(A). Respondent shall cooperate with all reasonable requests for information by the trustee. Respondent shall respond within two days to any attempt by the trustee to contact him. Respondent shall cooperate with the trustee and assist in inventorying all existing client matters and any other matters requiring immediate attention associated with respondent's professional practice.

LAW ENFORCEMENT AND BANK PERSONNEL TAKE NOTE:

By further order of the Court, **William Trey Martin, Esq. is granted express authority to:**

    a. Enter the physical premises of respondent's law practice, located at 65 Pearl St., Burlington, Vermont, for the purposes of accessing client property, files, and other related documents, whether stored electronically or in paper form;

2

b. Access any device or network used or owned by respondent or his law practice for the purpose of accessing client property, files, and other related documents;

c. Take immediate, exclusive control over all IOLTA accounts tied to respondent;

d. Access any and all banking records, including any online banking platforms or applications associated with respondent's law practice, including IOLTA accounts and business operating accounts;

e. Access and review any transaction history for all operating accounts titled to respondent's law firm, Burlington Legal Services, PLLC, or 802Legal, and, if deemed necessary by the trustee, request that the banks freeze those accounts;

f. Request and obtain any and all banking records or other documentation or information surrounding the January 2021 closure of respondent's client trust account held at the Vermont Federal Credit Union.

¶ 8. Within ninety days of the date of this order, the trustee shall provide an interim report to the Court on the status of his obligations to "inventory the files of the respondent, and to take action as seems indicated to protect the interests of the respondent and respondent's clients" under Administrative Order 9, Rule 28(A).

Respondent's license to practice law is immediately suspended pending final disposition of a disciplinary or disability proceeding in accordance with A.O. 9, Rule 22(B). Respondent is directed to comply with the notice requirements of A.O. 9, Rule 27.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
Harold E. Eaton, Jr., Associate Justice

_____
William D. Cohen, Associate Justice

3